```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,            :
                                     :     19-cr-354 (JSR)
          -v-                        :
                                     :
CHRISTIAN NIEVES,                    :     ORDER
     a/k/a "Eric Rosario"            :
     a/k/a "WHITE BOY" and           :
ELIAS POLANCO,                       :
     a/k/a "ALA"                     :
     a/k/a "Alita,"                  :
                                     :
          Defendants.                :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

The defendants in this case -- Christian Nieves and Elias Polanco -- are charged with substantive and conspiratorial counts of witness tampering and retaliation.[1] Dkt. No. 1. The charges arise from a February 5, 2019 incident in which a witness in a prior federal prosecution (the "Complaining Witness") was slashed across the neck, allegedly by Nieves, allegedly in the presence of Polanco. See Memorandum Opinion and Order dated March 30 2020,

---

[1] More specifically, Polanco is charged with conspiracy to commit witness retaliation, in violation of 18 U.S.C. § 1513(f), and conspiracy to commit witness tampering, in violation of 18 U.S.C. § 1513(k). In addition to those conspiratorial counts, Nieves is also charged with substantive counts of witness retaliation, in violation of 18 U.S.C. § 1513(b)(1), and witness tampering, in violation of 18 U.S.C. § 1512(b)(3).

Dkt. No. 34, at 2. A Wade[2] hearing is scheduled for April 6, 2020; trial is set to begin, pandemic permitting, on April 26, 2020.

Before the Court is an application from the defense for access, on an attorneys' eyes only basis, to the unredacted medical records of the Complaining Witness.[3] During a pretrial conference on December 8, 2020, defense counsel represented that she had been seeking these records for months but received them only a few days ago and in redacted form. The reason for this delay, the Government explained to defense counsel, was that the Complaining Witness' name was misspelled by the hospital. Dubious that a simple scrivener's error would result in a months-long delay, especially given that the Government had allegedly provided the hospital with the proper date of birth and social security number, defense counsel speculated that the unredacted medical records might reveal that the Complaining Witness had used a fake name, or else turn up some other material inconsistency that could undermine the credibility of the Complaining Witness. Given the nature of the allegations in this case, however, the Government took the position

---

[2]   See United States. v. Wade, 388 U.S. 218, 242 (1967) (authorizing district courts to hold an evidentiary hearing to determine whether pretrial identification procedures improperly tainted an eye-witness' identification).

[3]   While the application was made by counsel for Polanco, the Court assumes that counsel for Nieves joins in the application.

that it would be inappropriate to turn over any further information relating to the Complaining Witness, even on an attorneys' eyes only basis.

To resolve this dispute, the Court ordered the Government to submit for in camera review redacted and unredacted versions of the medical records. Having received and carefully reviewed those records, the court is, on the one hand, convinced that the misspelling of the Complaining Witness' name was most likely a scrivener's error and that the date of birth given by the Complaining Witness to the hospital is correct. The materials redacted by the Government are, in the Court's view, either irrelevant or only tangentially relevant to any issue at trial. Nevertheless, the Court sees no harm in providing the unredacted version to defense counsel on an attorneys' eyes only basis. If, after examining the unredacted records, either or both defense counsel believe there is a portion of the unredacted materials that might possibly be relevant to the trial of this case, they should convene a joint call with the Government and the Court. In any event, defense counsel should not make copies of the unredacted materials and must return the materials to the Government no later than one week following the trial of the case.

SO ORDERED.

Dated:   New York, NY
         December 14, 2020

JED S. RAKOFF, U.S.D.J.