UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,          :    19 Cr. 354 (JSR)
                                                          :
            -v-                                           :
                                                          :
CHRISTIAN NIEVES                              :
(a/k/a ERIC ROSARIO),                       :
                                                          :
            Defendant.                          :
                                                          :
----------------------------------------------------------X

# UNCONTESTED MOTION TO INSPECT RECORDS RELATED TO JURY SELECTION IN THE SOUTHERN DISTRICT OF NEW YORK

**DAVID E. PATTON, ESQ.**
Federal Defenders of New York, Inc.
Attorney for Defendant
      **ERIC ROSARIO**
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700

Of Counsel:

**Andrew J. Dalack, Esq.**
Assistant Federal Defender
Federal Defenders of New York, Inc.
Direct: (212) 417-8768 | Cell: (646) 315-1527

TO:  **AUDREY STRAUSS, ESQ.**
     Acting United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, NY 10007

     Attn:  **Allison Nichols, Esq.**
             **Jun Xiang, Esq.**
             Assistant United States Attorneys
             Southern District of New York

Critical to Eric Rosario's constitutional right to a fair trial before an impartial jury of his peers is his Sixth Amendment right to a petit jury drawn from a fair cross-section of the community. In anticipation of his April 14, 2021 trial in the above-captioned case, Rosario respectfully requests the Court's authorization for defense counsel and counsel for the government to confer with the Jury Administrator for the Southern District of New York and obtain various jury-selection records according to the terms set forth in a proposed protective order (to be submitted separately). These records are necessary to enforce Rosario's fair cross-section rights under the Sixth Amendment and under the Federal Jury Selection and Service Act (JSSA), 28 U.S.C. §§ 1861 through 1867. The government does not oppose this application, which is also joined by Rosario's co-defendant, Elias Polanco.

With respect to specific data points, the defense respectfully requests that the Court authorize the parties to obtain:

1. All data for the Master Wheel that will be used to summon potential jurors in this case;
2. All data for the Qualified Jury Wheel that will be used to summon potential jurors in this case;
3. The randomized, anonymous juror numbers of the persons summoned (or to be summoned) as potential jurors in this case;
4. Completed versions of the SDNY's Supplemental Juror Questionnaire concerning COVID-19 for the persons summoned (or to be summoned) as potential jurors in this case; and
5. Any other order of the Court or Chief Judge adjusting jury-selection procedures because of COVID-19.

After conferring with the government, the parties also jointly request the following additional data:

1. The randomized, anonymous juror numbers for persons selected as potential jurors in:
    a. United States v. Collins and Ramirez, 19 Cr. 395 (PKC) (S.D.N.Y.)
    b. United States v. Petit and Taylor, 19 Cr. 850 (JSR) (S.D.N.Y.)
    c. United States v. LaGuardia, 19 Cr. 893 (LAK) (S.D.N.Y.)
    d. United States v. McClam, 17 Cr. 596 (GBD) (S.D.N.Y.);

2. The juror qualification and summons forms (including supplemental juror questionnaires concerning COVID-19) for persons summoned to potentially become trial jurors in:
    a. United States v. Collins and Ramirez, 19 Cr. 395 (PKC) (S.D.N.Y.)

1

      b. United States v. Petit and Taylor, 19 Cr. 850 (JSR) (S.D.N.Y.)
      c. United States v. LaGuardia, 19 Cr. 893 (LAK) (S.D.N.Y.)
      d. United States v. McClam, 17 Cr. 596 (GBD) (S.D.N.Y.);

3. The disposition of each summoned potential trial juror as to excusal, deferment, disqualification or selection as described in the Jury Plan (as modified by any COVID-related orders of the Court or Chief Judge McMahon) in:
      a. United States v. Collins and Ramirez, 19 Cr. 395 (PKC) (S.D.N.Y.)
      b. United States v. Petit and Taylor, 19 Cr. 850 (JSR) (S.D.N.Y.)
      c. United States v. LaGuardia, 19 Cr. 893 (LAK) (S.D.N.Y.)
      d. United States v. McClam, 17 Cr. 596 (GBD) (S.D.N.Y.); and

4. To the extent other criminal juries have been summoned for trials in this District to which the undersigned is unaware, that same information for any of those additional criminal juries that were summoned for trials scheduled to take place (or have taken place) from October 2020 through the end of February 2021.

Undersigned counsel submits that some of the requested data, particularly with respect to the Master Wheel, has already been disclosed to the statistician retained by the Federal Defenders of New York in connection with fair cross-section litigation in other cases in this District. However, the defense understands that a separate protective order is required in each individual case to receive and inspect any jury-related records in the first instance. Accordingly, we ask that the Court endorse this letter motion (along with the parties' proposed protective order, which will be submitted separately) making clear that the parties are authorized to obtain and inspect all requested jury-selection data, regardless of whether such data overlaps with that previously disclosed in other cases.

**A. Rosario has a clearly established constitutional and statutory right to a petit jury selected from a fair cross-section of the Southern District of New York.**

The Supreme Court has consistently interpreted the Sixth Amendment right to trial by an impartial jury to require a petit jury that is indifferent and selected from a fair cross-section of the community: "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors," Irvin v. Dowd, 366 U.S. 717, 723 (1961), and "a fair possibility for obtaining a jury constituting a representative cross section of the community." Taylor v. Louisiana, 419 U.S. 522, 529 (1975). As the Court explained in Taylor, "The unmistakable import

of this Court's opinions … is that the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." 419 U.S. at 528-29.

Federal legislation governing jury selection within the federal court system has a similar thrust. In enacting the JSSA, Congress stated, "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. In that Act, Congress also established the machinery by which the stated policy was to be implemented (28 U.S.C. §§ 1862 through 1866) and also established a procedure for challenging compliance with the selection rules. 28 U.S.C. § 1867.

**B. Rosario must have access to the records he seeks in order to prepare a motion concerning non-compliance with his constitutional and statutory entitlement to a petit jury drawn from a fair cross-section of the community.**

With respect to criminal cases and the JSSA, before voir dire begins, a defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the JSSA's provisions in selecting the grand or petit jury. 28 U.S.C. § 1867(a). And during the preparation of a motion challenging compliance with the fair cross-section requirement, the parties in a criminal case "shall be allowed to inspect, reproduce, and copy" records relevant to his claim. § 1867(f). "This provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975) ("[A]n unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'") (quoting 28 U.S.C. § 1861). "Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." Id.

Crucially, in order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "avail

himself" of the "right of access to otherwise nonpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). A defendant's motion may not be denied because it is unsupported by a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the Jury Selection Act." United States v. Marcano-Garcia, 622 F.2d 12, 18 (1st Cir. 1980) (citations omitted). Nor may a motion to inspect be denied because the defendant fails to allege facts which show a "probability of merit in the proposed jury challenge." United States v. Beaty, 465 F.2d 1376, 1380 (9th Cir. 1972). See also United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported).

Here, like any other litigant considering a challenge under the Sixth Amendment and JSSA to the composition of his petit jury, Rosario (and co-defendant Polanco) is entitled to inspect the records that he and our retained statistician require to prepare a motion. Indeed, any JSSA motion filed before voir dire commences is timely, assuming it is filed within seven days after the grounds for such a motion are diligently discovered. 28 U.S.C. § 1867(a). Once the requested records are obtained, the Federal Defenders' retained statistician will analyze them expeditiously to determine whether the jury plan procedures violate Rosario's right to a jury "selected at random from a fair cross section of the community." 28 U.S.C § 1861; see also 28 U.S.C. §§ 1863(b)(3), 1866(f).

To be clear, Rosario does not seek any personal identifying information for the individuals whose records are maintained by the Jury Administrator's office and that are responsive to the instant request, and submits that the parties' agreed-upon protective order (to be filed separately) is sufficient to protect all juror-related data. As such, the full set of records should be provided to the parties in the manner requested herein.

Dated: March 3, 2021
      New York, NY

Respectfully Submitted,

_____
Andrew J. Dalack, Esq.
Federal Defenders of New York, Inc.

Counsel for Eric Rosario

```
So ordered.
March 5, 2021
```

_____
United States District Judge

5