UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,          :
                                   :        19-cr-354 (JSR)
            -v-                    :
                                   :
CHRISTIAN NIEVES,                  :        MEMORANDUM ORDER
      a/k/a "Eric Rosario" and     :
                                   :
ELIAS POLANCO,                     :
                                   :
            Defendants.            :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

        Defendants Elias Polanco and Christian Nieves are charged

with conspiring to commit witness tampering from on or about

February 5 to on or about February 6, 2019. This conspiracy

concerns their alleged agreement to attack and threaten Miguel

Carela, a witness in a prior federal persecution, with the intent

to influence, delay, and prevent Carela from giving information to

law enforcement regarding Nieves' federal crimes. Indictment, Dkt.

No. 1, ¶ 4. The indictment further charges Nieves with substantive

counts of witness tampering and witness retaliation, based on

Nieves' alleged February 5, 2019 slashing of Carela. Id. ¶¶ 1, 3.[1]

_____

[1]    The indictment also charges Nieves and Polanco with
conspiring to commit witness retaliation, but the Government has
since indicated that it would not proceed on that charge against
either defendant. See Memorandum Order dated April 1, 2021 at 4.

With trial set for April 14, 2021, Polanco now moves to sever his trial from the trial of Nieves.[2]

There is a strong presumption in favor of joint trials "where, as here, the defendants are alleged to have participated in a common plan or scheme." United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998). In such circumstances, a district court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Even then, however, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Id.

Polanco urges that severance is necessary on the theory that the admission of evidence concerning Nieves' alleged slashing will cause Polanco substantial spillover prejudice. See Polanco Mem., Dkt. No. 75, at 4. Polanco emphasizes that severance is necessary because only Nieves is alleged to have engaged in physical violence. Id. (citing United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1992) ("Relief by severance may be more appropriate when the unrelated evidence reflects activities of a violent nature

---

[2]    Nieves joins in the motion.

because the risk of substantial prejudice is greater.")). Polanco also contends that severance is appropriate because either one or two trials in this case would be relatively short. Id.

The Court disagrees with Polanco. For one thing, much of the evidence of Nieves' slashing might well be admissible against Polanco as relevant evidence of the charged witness tampering conspiracy. Since the evidence might be "admissible against him in a separate trial alone as a member of the conspiracy," Salameh, 152 F.3d at 115, Polanco cannot establish that any prejudice would result from a joint trial. And even if there will be some spillover evidence that would be admissible against Nieves but not Polanco, Polanco has still failed to establish that such spillover prejudice cannot "be corrected by the Court's instruction that the jury consider the guilt of each Defendant individually -- an instruction that jurors are presumed to follow." United States v. Lopez, No. 18-cr-736 (NSR), 2019 WL 4733603, at *6 (S.D.N.Y. Sept. 27, 2019). Accordingly, Polanco's motion for severance is denied.

The Clerk of the Court is directed to close the entry at docket number 75.

SO ORDERED.

Dated:   New York, NY
         April 5, 2021

JED S. RAKOFF, U.S.D.J.

-3-