```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,            :
                                     :   19-cr-354 (JSR)
           -v-                       :
                                     :
CHRISTIAN NIEVES,                    :   MEMORANDUM ORDER
     a/k/a "Eric Rosario" and        :
                                     :
ELIAS POLANCO,                       :
                                     :
           Defendants.               :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court are the Government's motions to introduce, and the defense's corresponding motions to exclude, expert testimony from Reginald Donaldson regarding his analysis of cell-site records to determine the approximate location of two phones allegedly associated with defendant Elias Polanco, and expert testimony from Paul Jeselson regarding the overall rules and practices of the Trinitarios gang. Finding that "serious questions ha[d] been raised about the admissibility of both of these experts," the Court convened a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) with respect to Mr. Donaldson's testimony, and a hearing pursuant to Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) with respect to Mr. Jeselson's testimony. See Transcript dated April 12, 2021 at 20:4-8. Those hearings occurred on April 14, 2021 and April 16,

2021, respectively. Following the Daubert hearing, the Court received supplemental briefing from both the Government and the defense. See Dkt. Nos. 100 & 101. After carefully reviewing these briefs, along with the thoughtful arguments made by both sides during the hearings, the Court rules as follows:

With respect Mr. Donaldson, the defense's motion to exclude his testimony is granted. Not being a scientist or an engineer, Mr. Donaldson was not able to give a detailed account of the scientific methodology underlying his opinion that the interaction with certain cell-towers of two cellphones allegedly associated with Mr. Polanco shows that on February 5, 2019, between 6:00 p.m. and 9:00 p.m., Mr. Polanco was nearby where Mr. Carela was allegedly assaulted by Mr. Nieves. However, despite the Daubert-like deficiencies, if Mr. Donaldson's testimony were more relevant than it is, the Court might have permitted it, subject to requiring that it be qualified by various statements that would reveal its limitations. Cf. United States v. Hill, 818 F.3d 289, 299 (7th Cir. 2016) (cautioning the Government "not to present historical cell-site evidence without clearly indicating the level of precision -- or imprecision -- with which that particular evidence pinpoints a person's location at a given time"); United States v. Medley, 312 F. Supp. 3d 493, 502 (D. Md. 2018) (permitting cell-site testimony only after the witness "has fully explained during

direct examination the inherent limitations of the accuracy of his location evidence"). However, the fact that Mr. Polanco was in the same general vicinity around the time when Mr. Carela was allegedly assaulted by Mr. Nieves is of very modest relevance at best and, rather, invites ungrounded speculation and confusion. Moreover, dressing up this evidence of very limited relevance in the guise of an expert opinion gives it a prominence that only invites further confusion and prejudice. Accordingly, the testimony is excluded under Federal Rule of Evidence 403.

With respect to Mr. Jeselson, the motion to exclude his testimony is partly granted and partly denied. Whatever the methodological limitations of such testimony, see generally Fareed Nassor Hayat, Preserving Due Process: Requiring Frye and Daubert in Gang Cases, 51 New Mex. L. Rev. 197 (2021), the Second Circuit has repeatedly made clear that an investigator who has spent a great deal of time investigating a gang can testify as an expert to the gang's overall rules and practices, see, e.g., United States v. Mejia, 545 F.3d 179, 190 (2d Cir. 2008) (collecting cases). Nonetheless, in the context of this case, the relevance of such testimony could easily be outweighed by its prejudicial impact if it were not appropriately limited. Accordingly, the Court will permit Mr. Jeselson to offer limited testimony (1) establishing his qualifications as an expert, such as by reference to his tenure

with the Bronx Gang Squad where he investigated street gangs, including the Trinitarios gang; and (2) discussing the Trinitarios constitution and rules, including the gang's prohibition against cooperating with law enforcement. Furthermore, in the spirit of these limitations, Mr. Jeselson's direct testimony will be limited to 30 minutes (exclusive of any time spent at side-bar, ruling on objections, or other interruptions, if any).

    The Clerk of the Court is directed to close the entry at docket number 101.

    SO ORDERED.

Dated:   New York, NY  
           April 18, 2021

                                        JED S. RAKOFF, U.S.D.J.