UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,                :
                                         :    19-cr-354 (JSR)
         -v-                             :
                                         :    MEMORANDUM ORDER
CHRISTIAN NIEVES,                        :
     a/k/a "Eric Rosario"                :
                                         :
         Defendant.                      :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

Christian Nieves was convicted by a jury on April 23, 2021 of substantive witness retaliation, in violation of 18 U.S.C. § 1513(b)(1). The conviction stemmed from Nieves' involvement in an attack on Miguel Carela, who had testified at a previous federal criminal trial in United States v. Siri-Reynoso, 17-cr-418 (CM). Nieves now moves for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29. For the reasons set forth below, the motion is denied.

## Background

Nieves and Carela were both members of the Trinitarios gang, a violent street gang based in New York. Tr. 127:6-7 (Carela), 131:16-132:3 (Nieves). Carela began cooperating with the Government around 2014. Tr. 125:24-127:7. In proffers pursuant to his cooperation, Carela discussed his past crimes, his membership in the gang, and other members of the gang, including Nieves. Tr. 523:19-524:14. Also as part of his cooperation, Carela testified

at the July 2018 trial of a rival gang member named Stiven Siri-Reynoso. Tr. 126:10-11, 153:8-17. Among other things, Carela testified about the Trinitarios gang. Tr. 612:13-15. This testimony violated the gang's anti-snitching rules. Tr. 547:23-25 (testimony from Paul Jeselson, the Government's expert witness); Tr. 521:7-9 (testimony from Carela).

Carela was released from federal custody in December 2018. Tr. 449:1-3. Other members of the gang, perhaps suspicious of Carela's short sentence, asked Carela whether he had cooperated with the Government. Tr. 521:10-522:4. A couple of months later, on February 5, 2019, Nieves attacked Carela on a sidewalk in the Bronx. Tr. 186:23-25. During the attack, according to Carela, Nieves called him a "rat," and said "this is happening to you for being a snitch." Tr. 186-87, 358:24-24.

In May 2019, Nieves was charged with substantive and conspiratorial counts of witness retaliation and witness tampering in violation of 18 U.S.C. §§ 1513(b)(1), 1513(f), 1512(b)(3), 1512(k).¹ Dkt. No. 1. The Government dropped the conspiratorial

---

1   The Government also charged Elias Polanco, another one-time member of the Trinitarios gang, with the conspiratorial counts of witness retaliation and witness tampering. The Government dropped the witness retaliation charge before trial, after conceding that Carela had likely misidentified Polanco as being present at the scene of the attack. See Letter from the Government to defense counsel dated February 11, 2021, Dkt. No. 55-1. And the jury

count of witness tampering before trial, and the Court granted a judgment of acquittal on the substantive count of witness tampering at the close of the Government's case. Tr. 786: 19-20. The jury acquitted Nieves on the conspiratorial count of witness tampering but convicted Nieves on the substantive count of witness retaliation. <u>See</u> Verdict Sheet, Dkt. No. 107.

**Legal Standard**

After a jury verdict, a defendant may challenge the sufficiency of the evidence presented at trial by moving for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c)(1). But the defendant bears a "heavy burden." <u>United States v. Caracappa</u>, 614 F.3d 30, 43 (2d Cir. 2010). A jury's verdict will withstand a Rule 29 challenge so long as "any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The Court views the evidence in the light most favorable to the government, <u>see</u> <u>United States v. Coté</u>, 544 F.3d 88, 98 (2d Cir. 2008), and draws all inferences in the government's favor, <u>see</u> <u>United States v. Puzzo</u>, 928 F.2d 1356, 1361 (2d Cir. 1991). And the Court may not substitute its own judgment on

---

acquitted Polanco of the witness tampering charge, which was premised on an alleged phone call made by Nieves and Polanco to Carela the day following the attack.

credibility or the weight of the evidence for what the jury decided. United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000).

### Discussion

To sustain a conviction for witness retaliation, the Government must prove that "the defendant acted with retaliatory intent arising out of a person's testimony at an 'official proceeding,' and that the proceeding in which the person testified was a federal proceeding." United States v. Escalera, 957 F.3d 122, 129 (2d Cir. 2020). In this case, the Government represented that the "official proceeding" in question was the Siri-Reynoso trial -- a representation to which the Government was bound. See Order dated March 25, 2021, Dkt. No. 65. For that reason, as the Court instructed the jury, the Government had to prove "that Nieves specifically intended to retaliate against Carela for acting as a witness/and or giving testimony in the trial of United States v. Siri-Reynoso. Tr. 1019:6-10.

Nieves contends the Government failed to present sufficient evidence from which a reasonable jury could have concluded that he attacked Carela in retaliation for Carela's prior testimony at the Siri-Reynoso trial. That is so, according to Nieves, for two reasons. First, because the only evidence that Nieves attacked Carela in retaliation for Carela's testimony, rather than, for

example, a personal dispute, came from the mouth of Carela, whom Nieves calls a "wholly unbelievable and incredible witness." Def. Mem., Dkt. No. 124, at 10. Second, because, even crediting Carela's testimony, it showed only that Nieves attacked Carela in retaliation for his "reputation as a cooperator" in general and not for his testimony at the trial of Siri-Reyonoso in particular. Id. at 9.

The Court disagrees with Nieves and holds that sufficient evidence supports the jury's conclusion that Nieves attacked Carela in retaliation for Carela's prior testimony at the Siri-Reyonoso trial. There were, to be sure, legitimate questions regarding Carela's credibility, and defense counsel ably impeached Carela and spent a good chunk of summation arguing as much to the jury. The jury was free to accept this argument, or not. After all, "the proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the jury, not in a motion for a judgment of acquittal." United States v. Truman, 688 F.3d 129, 139 (2d Cir. 2012); see also United States v. Florez, 447 F.3d 145, 156 (2d Cir. 2006) ("To the extent [Nieves] challenges [Carela's] credibility based on [his] long histor[y] of criminal and dishonest behavior, he simply repeats facts and arguments already presented to the jury. We will not attempt to second-guess a jury's credibility determination on a

sufficiency challenge. Rather, we will assume that the jury resolved all issues of credibility in favor of the prosecution.").

It is true that the Court itself expressed concern over Carela's credibility, asking at one point "whether any reasonable juror could find him truthful." Tr. 311:22-23. But the Court ultimately concluded that the inconsistencies in Carela's testimony were not

> of a level that the Court can take the case from the jury. Mr. Carela was, in most essential respects, consistent in his testimony that relates to the events that bring us here. The inconsistencies may be material, may not be material, may go to his credibility, may not go to his credibility, but that is classically a matter reserved for the judgment of the jury. It would have to be something more and extreme than we have here to warrant the Court in taking the case from the jury on that ground.

Tr. 892:14-22; see also Tr. 764:14-19 ("I don't think [the inconsistencies] rises to the level that no reasonable juror could find that [Carela] is so incredible or that I can find as a matter of law that he was so incredible that no conviction could follow."). The Court once again reaffirms that conclusion.

Crediting Carela's testimony, a reasonable jury could have concluded that Nieves acted in retaliation for Carela's testimony at the Siri-Reynoso trial. According to Carela, Nieves called him a "snitch" and a "rat" during the attack. Although it is possible that Nieves was referring to Carela's cooperation generally, it

is, as the Court observed in previously rejecting this argument at the close of evidence, "equally if not more plausible that [Nieves] was referring to what everyone in the world knew, because it was public record, which was the testimony at the trial." Tr. 767:11-14. Indeed, Carela's testimony had occurred less than a year before the attack at a high-profile public murder trial that centered on the rivalry between the Trinitarios gang and a rival street gang. It is a "reasonable inference that any good member of the Trinitarios gang would be glued to what was going on in that trial." Tr. 767:22-23. Where, as here, "either of two results, a reasonable doubt or no reasonable doubt, is fairly possible, the Court must let the jury decide the matter." Autuori, 212 F.3d at 114. The Court will not -- indeed, cannot -- second-guess the jury's conclusion.

For the foregoing reasons, Nieves' motion for a judgment of acquittal is denied. Counsel are reminded that sentencing will proceed, as scheduled, on July 27, 2021 at 4:00 p.m.

Dated: New York, NY
June 25, 2021

JED S. RAKOFF, U.S.D.J.